UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

| Proceedings: | IN CHAMBERS ORDER REMANDING CASE |
|---|---|

### I.     INTRODUCTION

Plaintiffs Acumen Communications, Inc. ("Acument") and Metro Two Way LLC "Metro Two War", collectively "Plaintiffs") filed this case on September 18, 2015, against ten defendants comprised of various cities, individuals, and the companies Motorola Solutions, Inc. ("MSI" or "Defendant") and Public Safety Technologies, Inc. ("PST"). Dkt. 1. MSI is the sole remaining Defendant. From the beginning of the case, the Court had concerns about its subject-matter jurisdiction. Originally, part of the case seemed to hinge on whether the Federal Communications Act ("FCA") was violated by the actions of PST or MSI. This Court stayed the case pending FCC review of a complaint ostensibly related to PST's actions. Dkt. 55. The FCC made a decision, and the stay was lifted. Dkt. 58. At oral argument Plaintiffs said that these issues were cured and therefore Plaintiff no longer needed an injunction against the purported FCA violations, but rather still seeks relief for "the damage that was done". Dkt. 69, October 31, 2016, Hearing Transcript 13:13-22. Shortly thereafter, Plaintiffs dismissed PST as a defendant. Dkt. 67.

At a later status conference, this Court again questioned it subject-matter jurisdiction in light of the developments in this case and ordered supplemental briefing. Dkt. 71. MSI filed supplemental briefing asking this Court to assert jurisdiction and dismiss the claims with prejudice. Dkt. 72. Plaintiffs filed supplemental briefing asking this Court to find it has no subject matter jurisdiction and remand the case to state court. Dkt. 73. For the following reasons, this Court finds it lacks subject matter jurisdiction and REMANDS the case to state court.

|  | : |
|---|---|
| Initials of Preparer | |
|  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

## II.  FACTUAL BACKGROUND

The facts of this case are taken from the First Amended Complaint ("FAC"). Dkt. 30. Since 2001, certain cities in California have attempted to create region-wide radio systems using federal grant money. MSI already provided telecommunications services for some of these cities, including Glendale. The complaint then specifically tracks two Glendora Requests for Proposals ("RFP") over a several month period.

### A.  RFP #1 (FAC ¶¶ 32-36)

Glendora Police Department issued a RFP in July 2012 for mobile and portable radios ("July 2012 RFP"), with a deadline to submit proposals of August 7, 2012. Only PST and a third-party "CDW Government LLC" issued proposals. Plaintiff alleges that CDW did not meet the requirements for a qualified proposer and that "DEFENDANTS"[1] requested CDW to submit a bid to create the illusion of multiple proposers. The PST proposal was chosen, however Plaintiffs allege that Glendora actually purchased their mobile radios from MSI, not PST. Plaintiffs allege that, as the successful bidder, PST should have been the entity to deliver the radios to Glendora.

### B.  RFP #3 (FAC ¶¶ 37-45)

Glendora issued the second RFP which was for a public radio system on October 30, 2012 ("October 2012 RFP"), with a deadline for proposals of November 20, 2012. Plaintiff discusses the "stringent requirements" for the RFP that it alleges prevented any "real proposer" to submit a proposal within the twenty-day timeframe. MSI, however, submitted a proposal on November 20, 2012.[2] Plaintiff alleges that the RFP mandated that "the successful Proposer shall subcontract with [MSI] . . ." and that therefore MSI was selected "as a matter of default". The complaint then alleges that PST licensed certain frequencies to the city of Glendora, which it claims is a practice not allowed by the FCC.

---

[1] As of the filing of the FAC all defendants were still in the case, thus it is unclear which defendant allegedly told CDW to submit a bid.

[2] The complaint also alleges, however, that "[t]here were no bidders or proposals submitted in response to the October 2012 RFP." Plaintiff also alleges the MSI proposal did not conform to the RFP, but rather tried to "sidestep specific technical and constructional requirements". Thus, it seems that Plaintiff is alleging the MSI proposal was not in response to the RFP, but the complaint is not completely clear on this issue.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

### C. Radio Frequency Interference

The complaint then describes the broad framework of radio frequency pools. One pool of frequencies is for "Industry/Business", whereas the other is for "Public Safety". The pool used by ICIS and the corresponding cities should have been the Public Safety pool. Plaintiffs allege that MSI could not secure Public Safety frequencies in time to submit its radios to the corresponding cities and for the cities to secure the federal grant money to purchase such radios.[3]

By using frequencies in the Industry/Business pool instead of the Public Safety pool, MSI interfered with Plaintiffs' businesses that provided radios for taxis, delivery services, and other commercial activities. Plaintiffs allege that MSI and PST knew this interference would occur and used the improper frequencies anyway. Plaintiff was harmed by this interference.

### D. Microwave Links

Plaintiffs allege that Glendora needed "microwave links" installed from Johnstone Peak to Montebello in November 2014. Plaintiffs allege that a representative from MSI stated that MSI would offer a proposal, but they never did. Instead, the only proposal was from a company called Commline, Inc., "a known franchisee of and authorized dealer for MSI." Plaintiffs allege that since MSI just received a $2 million grant from Glendora, it did not want to be seen as "double billing" by also accepting the proposal to install microwave links. Thus, plaintiffs allege MSI instructed Commline to submit this proposal and that Commline then subcontracted with MSI, which itself then subcontracted the work to Sun Microwave which installed the links. Plaintiffs allege a FCC license was not obtained for these microwave links until February 2015 and that Commline never possessed the required California contractor's license. Plaintiff further alleges that MSI overbilled Glendora by billing for eight microwave links that were never installed.

### E. Conspiracy

---

[3] Though the complaint is not entirely clear on this issue, apparently there was a certain deadline that the cities had to meet in order to receive federal grant money to build their radio systems, and if that deadline was not reached the grant money would be forfeited.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

Plaintiffs then allege its conclusions concerning the facts outlined above. Plaintiffs allege that MSI, PST, and others conspired among each other to provide radio systems to these cities that did not comply with FCC rules to reap the benefits of the federal grant money within the required deadline. Plaintiffs further allege that MSI conspired to rig the bidding process for the Glendora RFP's. Plaintiffs allege a single cause of action for a violation of the California Business and Professions Code § 17200 *et seq.*

### III. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "The burden of establishing jurisdiction falls on the party invoking the removal statute . . . which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Further, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Under 28 U.S.C. § 1331, federal question jurisdiction extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27-28 (1983). If a plaintiff may be entitled to relief for reasons that are "completely unrelated to the provisions and purposes" of the federal law at issue, then the claim does not arise under federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. at 800, 808 (1988).

### IV. ANALYSIS

MSI argues that the gravamen of Plaintiffs case is the FCC violations, alleging committed by PST, that licensed Industry/Business radio frequencies for Public Safety use. Thus, MSI argues, the complaint raises a federal question since it will be necessary to decide whether FCC violations occurred. MSI further argues that the FCC has primary jurisdiction over such questions and has its own remedial scheme, and that this Court should dismiss the case as an improper end around such a scheme. The Court disagrees. The gravamen of the complaint is a bid-rigging conspiracy headed by MSI to seek unfair advantages in securing public proposals for radio installation. This conspiracy includes using other companies, such as

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

Commline and PST, as fronts to secure contracts without risking unwanted attention. The conspiracy includes encouraging CDW to submit a dummy bid to create the illusion of competition. The conspiracy includes convincing cities to create impossible standards for their RFP's so that MSI would be the only company to propose a feasible bid. None of these steps require any decision of a federal law. The conspiracy also includes essentially defrauding the federal government by misusing Industry/Business radio frequencies because taking the time to get the proper Public Safety frequencies would allow federal grants to expire. Thus, even though misusing the frequencies *is a part* of the conspiracy, it is a small part of one-step of the overarching conspiracy. Further, this Court is not convinced it is even a *necessary* element of the underlying claim. Certainly, a bid-rigging conspiracy involving dummy bids and sham RFP's could itself support a cause of action for unlawful, unfair, or fraudulent business practices, even if all FCA and FCC regulations were properly followed.

Defendant cannot use the FCC's primary jurisdiction over FCA violations as a shield against state law *conspiracy* claims. If the Court held as much, then radio technology businesses would be given a free pass to violate the FCA in order to gain an unfair competitive advantage in obtaining contracts for radio communication systems knowing that their only penalty if caught would be to fix their FCA violations and potentially be fined by the FCC. Such a remedy would *grant them the spoils of their conspiracy*—the contracts with each city to be their radio communication systems provider—despite the nefarious conduct in securing such contracts. Though the FCA certainly provides remedies for the radio interference at issue—and Plaintiffs state that the complaint "does not seek and never has sought to hold MSI liable for any violations of the FCA", dkt. 73 at 2—there is no indication that Congress intended this remedial scheme to preempt allegations of a conspiratorial bid-rigging plot to gain unfair advantage in the radio communication systems marketplace that, in order to do so, may tangentially include using radio frequencies in violation of the FCA.

Further, even accepting that the allegations regarding FCA violations *necessitated* a ruling by the FCC, Plaintiffs maintain that such a ruling was made. Thus, whether or not Plaintiff can prove their claim against MSI no longer depends on any decision the FCC needs to make. If indeed the FCC violations are necessary to the claim, and the FCC ruling is determined to be unrelated to Plaintiffs case (as MSI contends), then Plaintiffs may simply not be able to prove their UCL claim. But that is a decision for the state court. Further, whether the FCC ruling can be used against MSI as a party absent from those proceedings can also be decided by the state court. What the state court need not decide itself, at any stage, is whether FCA violations actually occurred. Certainly, the state court need not (and cannot) impose liability on MSI directly for any purported FCA violations. The state court can, however, impose liability

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
|---|---|---|---|
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

for a bid-rigging conspiracy in which one step taken in furtherance of that conspiracy may have also been an FCA violation.[4]

Defendants cite to *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 997 (6th Cir. 1994) for the proposition that Plaintiffs' claim is in "irreconcilable conflict" with the FCA and FCC regulations, and thus cannot be used to "do an end run around the FCC's regulatory scheme." *See* dkt. 72 at 9. This case is clearly distinguishable from *Broyde*. In *Broyde*, plaintiffs claimed that defendant's radio signals interfered with plaintiffs' home electronics, and thus brought a nuisance action against defendant. *Id.* at 996. The *Broyde* court held that:

> Resolution of this matter, however, turns on a single issue: the existence of an irreconcilable conflict between the FCC's exercise of exclusive jurisdiction over the regulation of radio frequency interference and the imposition of common law standards in a damages action. As the Supreme Court recognizes, the FCC's jurisdiction "over technical matters" associated with the transmission of radio signals "is clearly exclusive."

*Id.* at 997. Whereas Plaintiffs in this case do similarly allege that Defendants radio frequencies interfered with their businesses, they also allege much more. Plaintiffs allege a largescale bid-rigging conspiracy that can stand or fall regardless of radio interference. Bid-rigging conspiracies do not fall under the "technical matters" in which the FCC is given exclusive control. In fact, *Broyde* itself distinguishes its decision from a separate Sixth Circuit case which allowed a claim predicated on FCA violations to move forward by explaining that "state law claims for fraud and deceit are not preempted by the Communications Act because they fall 'within the conventional experience of judges' and 'do not require agency expertise for their treatment'" *Id.* (citing *In re Long Distance Telecommunications Litigation*, 831 F.2d 627, 633 (6th Cir.1987). This case also involves allegations of fraud and deceit, and even if some portions "require agency expertise for their treatment", Plaintiffs allege the FCC already considered and solved those issues—even if Plaintiffs' ability to prove as much remains in doubt.

---

[4] MSI also argues that they cannot be held liable for any violations of the FCA, since PST licensed the radio frequencies and only the licensee can be found liable. Such an argument only supports remand. If indeed Defendants are correct, then this is further evidence that Plaintiffs' claim against them cannot involve an allegation that they personally violated the FCA. To the extent Plaintiffs' claim involves an allegation a *third party*, PST, violated the FCA, the Plaintiffs believe that the FCC has already spoke to this matter. Again, whether Plaintiffs proposed FCC ruling did or did not concern the same actions at stake in this litigation is a factual dispute that the state court can decide. What the state court need not decide, however, is whether PST violated the FCA.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-07335-SVW-PJW | Date | February 14, 2017 |
| Title | *Acumen Communications, Inc. v. City of Covina, et al.* | | |

Lastly, Defendant argues that this Court should dismiss the UCL claim because Plaintiffs have no claim to seek restitution or injunctive relief, nor do they have standing to sue on behalf of the public. Defendant states the "[t]he only way for Plaintiffs to get *damages* for radio frequency interference would be to plead and prove a tort claim, which they have not even attempted to do." Dkt. 72 at 9. Even if the Court accepts that Plaintiffs have not currently plead a cognizable legal theory under the UCL, it would still decline to assert the jurisdiction necessary to dismiss the claim. The state court is the appropriate venue to decide whether Plaintiffs complaint should be dismissed, whether it states a cognizable claim as plead, or whether Plaintiffs should be given leave to amend.

V. **CONCLUSION**

For the foregoing reasons, the Court finds that this case does not give rise to federal jurisdiction. The face of the complaint is couched in a state law cause of action. Though some allegations implicate federal law, those allegations were ostensibly decided by the FCC and are unlikely to be found necessary ingredients for Plaintiffs' claim to succeed. The Court orders that the case is REMANDED to the Superior Court of the State of California for the County of Los Angeles. No fees or sanctions shall be awarded.

 

 

:

Initials of Preparer     PMC